### STATE OF MINNESOTA *vs.* G. C. JOHNSON.

#### June 2, 1890.

Agent of Foreign Insurance Company—Certificate Requisite.—In an indictment under Gen. St. 1878, *c.* 34, § 292, as amended by Laws 1879, *c.* 54, for acting as the agent of an insurance company not of this state, without the proper certificate of authority from the insurance commissioner, it is immaterial that the company had or had not complied with the statute.

Evidence *held* insufficient to sustain a verdict of guilty.

Appeal by defendant from an order of the district court for Goodhue county, *Crosby,* J., presiding, refusing a new trial.

*J. C. McClure* and *S. J. Nelson,* for appellant.

*Moses E. Clapp,* Attorney General, and *F. M. Wilson,* for the State.

GILFILLAN, C. J.[1] Indictment under the provisions of Gen. St. 1878, *c.* 34, § 292, as amended by Laws 1879, *c.* 54, making it a misdemeanor for any person to act as agent in this state for any insurance company not of this state, in any matter relating to risks, without having a certificate of authority from the insurance commissioner. Exception is taken to the indictment, in that its attempt

[1] Vanderburgh, J., took no part in this decision.

to state the failure of the company to comply with the requirements of the statute is a mere conclusion of law. This is immaterial. It was not necessary to state such failure of the company. The offence is not acting as agent for a foreign company which has failed to comply with the law, but acting for such company without the commissioner's certificate of authority. The certificate is, so far as this statute and the state are concerned, his authority to act. If he has it in due form, so long as it is unrevoked, he cannot be convicted, though the company may, in fact, have failed to comply with the law; if he has it not, it is no defence for him that the company has complied.

There is no evidence to sustain the verdict. There was no attempt to show that defendant ever acted or assumed to act, generally, as the agent for the foreign insurance company, but only an attempt to show that he acted as agent for the company in the matter of one policy. When the state closed its case, the fact appeared that the policy had been issued, but no agency of defendant in connection with it was shown. There was no evidence from which it could be inferred that he ever solicited the insured to be insured by the company, that he ever undertook to have the policy issued, or that he did have it issued, or had any part in procuring it to be issued. The defendant was sworn in his own behalf. His testimony did not conflict with that on the part of the state, but supplemented it, and showed, what the state's evidence failed to show, his connection with the policy. From that it appears that on the application of the insured he had previously, as agent for such companies, issued two policies in authorized companies. One of these was cancelled, and then defendant, pursuant to instructions from the agent of the insured, and acting on behalf of the insured, applied to a firm of insurance brokers in another state to get other insurance in lieu of the cancelled policy. They sent him a policy in the unauthorized company, and he sent it to the person for whom it was intended. Until the policy came to him he had never heard of the company issuing the policy. The entire evidence failed to show any act of his as agent for the company.

Order reversed.